E-Filing

CW
FILED

PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

Name  GARNER          ARTHUR          G
(Last)          (First)          (Initial)

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Prisoner Number  D-26064

Institutional Address  PO BOX 8501 COALINGA CA1 93210

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

ARTHUR GRADY GARNER
(Enter the full name of plaintiff in this action.)

vs.

WARDEN JAMES YATES

_____

_____

_____
(Enter the full name of respondent(s) or jailer in this action)

C 07 5646

Case No. _____
(To be provided by the clerk of court)

CW

PETITION FOR A WRIT
OF HABEAS CORPUS

(PR)

)
)
)
)
)
)
)
)
)
)
)
)
)

Read Comments Carefully Before Filling In

When and Where to File

You should file in the Northern District if you were convicted and sentenced in one of these

counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa,

San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma. You should also file in

this district if you are challenging the manner in which your sentence is being executed, such as loss of

good time credits, and you are confined in one of these counties. Habeas L.R. 2254-3(a).

If you are challenging your conviction or sentence and you were not convicted and sentenced in

one of the above-named fifteen counties, your petition will likely be transferred to the United States

District Court for the district in which the state court that convicted and sentenced you is located. If

you are challenging the execution of your sentence and you are not in prison in one of these counties,

your petition will likely be transferred to the district court for the district that includes the institution

where you are confined. Habeas L.R. 2254-3(b).

PET. FOR WRIT OF HAB. CORPUS          - 1 -

1  Who to Name as Respondent

2  You must name the person in whose actual custody you are. This usually means the Warden or

3  jailor. Do not name the State of California, a city, a county or the superior court of the county in which

4  you are imprisoned or by whom you were convicted and sentenced. These are not proper

5  respondents.

6  If you are not presently in custody pursuant to the state judgment against which you seek relief

7  but may be subject to such custody in the future (e.g., detainers), you must name the person in whose

8  custody you are now and the Attorney General of the state in which the judgment you seek to attack

9  was entered.

10  A. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE

11  1. What sentence are you challenging in this petition? BOARD OF PRISONS DENIAL

12      OF LIGER PAROLE

13  (a)  Name and location of court that imposed sentence (for example; Alameda

      County Superior Court, Oakland):

14  SAN MATEO SUPERIOR COURT    SAN MATEO CALIF

15      Court                          Location

16  (b)  Case number, if known  SC - 23994

17  (c)  Date and terms of sentence  Life Plus 11 yRs

18  (d)  Are you now in custody serving this term? (Custody means being in jail, on

19      parole or probation, etc.)          Yes  X    No ____

20  Where?  PVSP

21  Name of Institution:  Pleasant Valley S.P.

22  Address:  PO Box 8501 Coalinga Cal 93210

23  2. For what crime were you given this sentence? (If your petition challenges a sentence for

24  more than one crime, list each crime separately using Penal Code numbers if known. If you are

25  challenging more than one sentence, you should file a different petition for each sentence.)

26  664/187; 245 (a) (2); 12021

27  NOT Challenging Conviction

28  _____

⑦

3. Did you have any of the following?

    Arraignment:                     Yes ✓    No _____

    Preliminary Hearing:        Yes ✓    No _____

    Motion to Suppress:        Yes _____    No ✓

4. How did you plead?

    Guilty _____    Not Guilty ✓    Nolo Contendere _____

    Any other plea (specify) ___N/A___

5. If you went to trial, what kind of trial did you have?

    Jury ✓    Judge alone _____    Judge alone on a transcript _____

6. Did you testify at your trial?    Yes ✓    No _____

7. Did you have an attorney at the following proceedings:

    (a)    Arraignment    Yes ✓    No _____

    (b)    Preliminary hearing    Yes ✓    No _____

    (c)    Time of plea    Yes ✓    No _____

    (d)    Trial    Yes ✓    No _____

    (e)    Sentencing    Yes ✓    No _____

    (f)    Appeal    Yes ✓    No _____

    (g)    Other post-conviction proceeding    Yes ✓    No _____

8. Did you appeal your conviction?    Yes ✓    No _____

    (a)    If you did, to what court(s) did you appeal?

    Court of Appeal    Yes ✓    No _____

    Year: _____    Result: _____

    Supreme Court of California    Yes ✓    No _____

    Year: _____    Result: _____

    Any other court    Yes _____    No _____

    Year: _____    Result: _____

    (b)    If you appealed, were the grounds the same as those that you are raising in this

1  petition?                                              Yes _____   No_____

2  (c)  Was there an opinion?                             Yes _____   No_____

3  (d)  Did you seek permission to file a late appeal under Rule 31(a)?

4                                                         Yes _____   No_____

5  If you did, give the name of the court and the result:

6  _____

7  _____

8  9. Other than appeals, have you previously filed any petitions, applications or motions with respect to

9  this conviction in any court, state or federal?        Yes ✓   No_____

10      [Note: If you previously filed a petition for a writ of habeas corpus in federal court that

11  challenged the same conviction you are challenging now and if that petition was denied or dismissed

12  with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit

13  for an order authorizing the district court to consider this petition. You may not file a second or

14  subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit. 28

15  U.S.C. §§ 2244(b).]

16      (a)  If you sought relief in any proceeding other than an appeal, answer the following

17          questions for each proceeding. Attach extra paper if you need more space.

18      I.   Name of Court: SAN MATEO SUPERIOR COURT

19          Type of Proceeding: HABEAS CORPUS

20          Grounds raised (Be brief but specific):

21          a. DUE PROCESS VIOLATION BY BOARD OF PRISON

22          b. Ineffective Assistance of BOARD OF Prison Counsel

23          c. _____

24          d. _____

25          Result: DENIED SEE PG (19)-(24)  Date of Result: OCT 18 06

26      II.  Name of Court: FIFTH APPELLATE

27          Type of Proceeding: HABEAS CORPUS

28          Grounds raised (Be brief but specific):

PET. FOR WRIT OF HAB. CORPUS      - 4 -

a. SAME AS IN SUPERIOR COURT

b. _____

c. _____

d. _____

SEE Pg (25)

Result: DISMISSED WRONG COURT    Date of Result: DEC 21 2006

III.    Name of Court: FIRST APPELLATE COURT

Type of Proceeding: HABEAS CORPUS SEE Pg

Grounds raised (Be brief but specific):

a. SAME AS SUPERIOR COURT

b. _____

c. _____

d. _____

Result: DENIED SEE Pg (26)    Date of Result: 1-11-07

IV.    Name of Court: CAL SUPREME COURT

Type of Proceeding: HABEAS CORPUS SEE Pg

Grounds raised (Be brief but specific):

a. SAME AS SUPERIOR COURT

b. _____

c. _____

d. _____

Result: DENIED SEE Pg (27)    Date of Result: SEPT 12 2007

(b)    Is any petition, appeal or other post-conviction proceeding now pending in any court?

Yes ✓    No____

Name and location of court: FEDERAL WRIT OF HABEAS CORPUS
CRIMINAL APPEAL U.S.D.C NOR C-89-2863 (W)

B.  GROUNDS FOR RELIEF

State briefly every reason that you believe you are being confined unlawfully. Give facts to

support each claim. For example, what legal right or privilege were you denied? What happened?

Who made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you

PET. FOR WRIT OF HAB. CORPUS    - 5 -

1  need more space.  Answer the same questions for each claim.

2  [Note:  You must present ALL your claims in your first federal habeas petition.  Subsequent

3  petitions may be dismissed without review on the merits. 28 U.S.C. §§ 2244(b); McCleskey v. Zant,

4  499 U.S. 467,  111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).]

5  Claim One: See Pg (13)

6

7  Supporting Facts: See Pg (13) & (14)

8

9

10

11  Claim Two: See Pg (15)

12

13  Supporting Facts: See Pg (15) - (17)

14

15

16

17  Claim Three:

18

19  Supporting Facts:

20

21

22

23  If any of these grounds was not previously presented to any other court, state briefly which

24  grounds were not presented and why:

25

26

27

28

PET. FOR WRIT OF HAB. CORPUS    - 6 -

1    List, by name and citation only, any cases that you think are close factually to yours so that they

2  are an example of the error you believe occurred in your case.  Do not discuss the holding or reasoning

3  of these cases:

4  PRAYER FOR RELIEF PG 4 F / IN RE DANNENBERG 34

5  CAL 4TH 1061 (2005) MARTIN US MARSHALL 448 F SUPP 2d

6  1143 (N D CAL)' IN RE SANDRA LAWRENCE 07 C.D.O.S. 57;9

7  IN RE HENRY RICHARD GRAY 07 C D O S 5911
   Do you have an attorney for this petition?                    Yes_____    No ✓

8  If you do, give the name and address of your attorney:

9  _____

10    WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in

11  this proceeding.  I verify under penalty of perjury that the foregoing is true and correct.

12

13  Executed on  10-27-07

14           Date                              Signature of Petitioner

15

16

17

18

19

20  (Rev. 6/02)

21

22

23

24

25

26

27

28

PET. FOR WRIT OF HAB. CORPUS        - 7 -

12

Ground 1:

Petitioner was denied due process and equal protection of the law, a 14th amendment violation to the U.S. Constitution by the Board of Prison Terms failing to assure their "Form and recommendations". (Form #1001 and 1005(b)) were submitted to Petitioner before his life sentence started, where as BPT ordered Petitioner on the day he was to have been paroled to complete a $100 - 1005(b)$ plan, Petitioner had a liberty interest to have received said "plan" before his life sentence started. Petitioner is stating these are Federally protected Constitutional rights.

Supporting Facts:

Petitioner herein was sentenced to Life plus 11 years and received the 1st set of parole plans/recommendations in 2000, by BPT Commissioner Monday, John. That plan was completed, Petitioner expected to be paroled 02-27-06.

On 02-27-06, BPT submitted another plan; BPT has had over 16 years to submit said: now BPT denied parole upon Petitioner's Rule Violation Reports. Petitioner was already punished for said Rule Violation Reports. Petitioner had not been informed that he would be punished twice or could be till 02-27-06. Petitioner had a liberty interest to have acquired said plans/recommendations on 01-16-91, this is a violation of due process and equal protection of the law - BPT failed to do so, their interests lied more so with CA1. Dept of Corrections and filling bed space for money. Now Petitioner is being prejudiced for making it through the Prison Guard's corruption and instigated racial violence, wars. These conditions of confinement have fallen on deaf ears of Board Prison Commissioners as they work for C.D.C. and refuse to acknowledge the conditions of confinement petitioner was subjected to.

Petitioner's Counsel failed to object to this on the record, had the Petitioner been informed and a "plan/recommendation" submitted to petitioner on




13

1  01-16-91, not 2000, 2006, a major difference in this outcome would have taken

2  place - Petitioner's Counsel failed to object to this issue (and others. See Gr.2)

3  to preserve on appeal.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Ground 2:

Petitioner had a liberty interest to effective representation at his Board of Prison Hearing. This denial of said is a violation of the 6th, 14th, 8th, ~~9th~~ Amendment to the U.S. Constitution Cal. Const. Article 1 Sec _____ as Counsels failure, ineffectiveness, has subjected petitioner to cruel and unusual punishment by loss of liberty. Petitioner states these are Federally protected Constitutional Rights.

Supporting Facts:

Petitioner's Counsel violated Petitioner's right to be free from Cruel and Unusual Punishment. Petitioner had the right to due process and equal protection of the law and a liberty interest to have effective representation at his Board of Prison Hearing on 02-27-06, where he was denied parole based upon "Prison Environment". Petitioner's Counsel agreed to raise vital issues that relate to facts of law and information such as conditions of confinement to BPT starting with Madrid V. Gomez ERRA and with the Federal investigation for corruption of Prison Guards at Pelican Bay State Prison, "Code of Silence Prison Guard Gang", and Salinas Valley State Prison Guard Gang called "The Green Wall", and that the petitioner was subjected to both these prison guard gangs; and received CDC Rule Violation Reports from these guards that were not true.

Petitioner's Counsel was to place upon the record issues done to the petitioner by those prison guard gangs, ranging from writing bogus reports, to killing inmates for fist fights (although petitioner was not subjected to that) to "planting weapons," setting petitioner up for retaliation for utilizing Inmate Appeals Process, eight month lock downs, the setting up prisoner's to be stabbed/assaulted, beatings of petitioner by staff. Nor did Counsel place upon the record petitioner's lawsuit against CDC for those actions listed above.

Petitioner did <u>not</u> request to got to these prisons PBSP/CSP/SVSP/HDSP.



Ground 2 Continuation:

Petitioner was forced to. Under those conditions and receives no praise from BPT for being alive and surviving with only a few fist fight defending himself.

Petitioner's Counsel failed to raise the "good guy" documents where petitioner on two separate dates/years (2000 and 2006) stopped the attempt on the life of prison guards and the location of the weapons to be used.

Counsel failed to object to the reading of psychological reports into the record. The Petitioner actually had to say something (see Rt Pg 51 Ln 15-16). That report the petitioner was never interviewed, failed to state "no Psych concerns" Classification chronos.

Petitioner had all relevant documents in his Counsel's hands, the petitioner was in waist chains, handcuffs, sitting across the table, but Counsel refused to bring up said (relevant issues), after lengthy discussions on the subjects herein mentioned. Other issues relate to Classification documents where comments from Wardens state, "We commend you on your continuous programming." Or to explain to the B.P.H. the difference between SNY and Active/G.P.- and just what Petitioner did to acquire said. Failure of Counsel to call my witnesses who were on duty and could have testified that I alone stopped the attempt upon the life of a Peace Officer on 02-14-06, Counsel failed to object to documents used in that hearing that were inaccurate Rt. Pg. 65 Ln 4-5, Rt. Pg. 64, Ln 17-23 called P.O.R. . The petitioner had no knowledge of what the Board of Prison Hearings required, petitioner thought you just did your time and paroled. This process the B.P.T. is Constitutionally vague. This calls for Judicial Intervention, interest of Justice, the Balance of the Evidence, Petitioner saving the life of Prison Guards (see Conf. Sec. C-File documents dated 2001 and 2006) Petitioner completing the first set of plans/recommendations (see Rt. Pg. 35-39) and the fact that BPT used CDC 115, R.V.R. (Rule Violations Reports) before 2000 when petitioner's first set of plans/recommendations were submitted to




1   Petitioner is a violation of due process.

2       Petitioner herein claims Counsel's failure to raise the issue of

3   insufficiency of evidence to deny parole as herein the scale of justice of justice

4   is balanced out, the petitioner should have been granted parole; is in fact a

5   violation of effective assistance/representation of counsel.  The attorney of

6   record herein is listed and appeared at this Board of Prison Hearing for the

7   reason listed herein to represent the petitioner after lengthy discussions counsel

8   agreed to raise the issues in this Writ of Habeas Corpus to the Board of Prison

9   Hearing.

10      The BPT suitability for parole is constitutionally vague, there is no set

11  guidelines saying what is suitable for parole.





17

Petitioner herein prays that this Honorable Court issue the following order:

1.) Set aside the BPT denial of parole and order petitioner paroled, as petitioner completed the first BPT plan submitted in 2000, that the second "plan/recommendation" is unconstitutionally sumbitted.

2.) That the BPT form/recommendation be deemed Constitutionally vague and thus set aside as moot, as said form should have been given to petitioner at the beginning of life term.

3.) That petitioner did have ineffective assistance of counsel.

4.) Any and all relief deemed necessary by this Honorable Court.

It is so prayed.

Respectfully Submitted





(ENDORSED)
FILED
SAN MATEO COUNTY

OCT 1 8 2006

Clerk of the Superior Court
By ___GRACE LACEY___
DEPUTY CLERK

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SAN MATEO

In re:                                    Case No. SC-23994
                                                   HC-1812
ARTHUR GRADY GARDNER

On Habeas Corpus.                         **ORDER OF DENIAL**

The Court has received and reviewed the Petition for Writ of Habeas Corpus filed by Petitioner, Arthur Grady Gardner, on August 30, 2006. The writ petition is hereby denied.

## BACKGROUND

In 1990, a jury convicted Petitioner of attempted first degree murder (PC § 664/187), aggravated assault (PC § 245(a)(2)), and being a felon in possession of a firearm (PC § 12021) after he shot at George Boitano through a door, hitting him in the hand and on the side. Petitioner was subsequently sentenced to life plus eleven years in the custody of the California Department of Corrections.




1



1    Petitioner asserts (1) That he was denied due process and
2  equal protection by not receiving parole recommendations before
3  he began his sentence; (2) That there was insufficient evidence
4  to deny parole; and (3) that he was denied effective assistance
5  of counsel.

6

## THE DECISION OF THE BOARD OF PRISON TERMS TO DENY PETITIONER A PAROLE RELEASE DATE WAS PROPER.

### A. Habeas Corpus Is An Appropriate Means of Challenging the Denial of Parole.

10

11    A petition for writ of habeas corpus is proper to
12 challenge a denial of parole by the Board of Prison Terms.  (*In
13 re Sena* (2001) 94 Cal.App.4th 836, 840.)

14    Penal Code section 3040 gives the Board the power to
15    allow prisoners sentenced to indeterminate terms to go
      on parole outside the prison walls and enclosures. The
16    Legislature has specified that one year prior to the
      inmate's minimum eligible release date, a panel of at
17    least two commissioners of the Board shall meet with
      the inmate and shall normally set a parole release
18    date. (Pen. Code, § 3041, subd. (a).) However, the
      panel or the Board need not set a release date if "it
19    determines that the gravity of the current convicted
      offense or offenses, or the timing and gravity of
20    current or past convicted offense or offenses, is such
      that consideration of the public safety requires a more
21    lengthy period of incarceration for this individual,
      and that a parole date, therefore, cannot be fixed at
22    this meeting." (Pen. Code, § 3041, subd. (b).)
23

24 (*In re Morral* (2002) 102 Cal.App.4th 280, 289, see also *In re*
25 *Dannenberg* (2005) 34 Cal.4th 1061, 1079.)

26

### B. Standard of Review.

27

28    "The factor statutorily required to be considered and the
   overarching consideration is `public safety.' As stated in



2



1   subdivision (b) of Penal Code section 3041, the Board `shall
2   set a release date unless it determines that the gravity of the
3   current convicted offense or offenses, or the timing and
4   gravity or past convicted offense or offenses, is such that
5   *consideration of public safety* requires a more lengthy period
6   of incarceration for this individual." (*In re Scott* (2005) 133
7   Cal.App.4th 573, 591 [italics added by court].) Title 15 of the
8   California Code of Regulations § 2402 provides: "…regardless of
9   the length of time served, a life prisoner shall be found
10  unsuitable for and denied parole if in the judgment of the
11  panel, the prisoner will pose an unreasonable risk of danger to
12  society if released from prison." (*Id.* at 591 [cit. om.].)
13       The standard of review for a Denial of Parole following a
14  parole hearing is as follows: "the judicial branch is
15  authorized to review the factual basis of a declaration of the
16  Board denying parole in order to ensure that the decision
17  comports with the requirements of due process of law, but that
18  in conducting such a review, the court may inquire only whether
19  some evidence in the record before the Board supports the
20  decision to deny parole, based on the factors specifically
21  specified by statute and regulation." (*In re Rosenkrantz* (2002)
22  29 Cal.4th 616, 658.)

23

24       C.   Petitioner was not denied due process or equal protection
             by his not having received parole plans and
25           recommendations when his sentence started.

26       Petitioner complains that he was not apprised in advance
27  that a prison disciplinary record would result in denial of

28

1  parole and that he is essentially being punished twice for his
2  in prison misbehavior.

3      There is no requirement that the Board provide advance
4  notification that a prisoner's disciplinary record may be
5  considered at his parole consideration hearing.  Further,
6  Petitioner has not shown that a failure to grant parole based
7  in part upon his institutional behavior violates his
8  constitutional rights.

9

10  D.  **Some evidence in the record supports the Board's decision
        to deny parole.**

11

12      The Board expressly found that Petitioner was "not yet
13  suitable for parole and would pose and unreasonable risk of
14  danger to society or a threat to public safety if released from
15  prison. (Transcript of February 27, 2006 Initial Parole
16  Consideration Hearing ("RT") at Page 67:11-15.)  In making its
17  decision, the Board relied in part on Petitioner's disciplinary
18  record. (RT 67:18-69:4.)  The board stated: "One thing that I
19  think is important for you to know related to your 115s is that
20  that is really one of the gauges we use to see how well
21  somebody is going to function on the outside.  And when there
22  are a lot of violent 115s it certainly gives us pause." (RT at
23  68:13-18.)

24      Petitioner has a history of 23 115's going back to 1991,
25  including disrespect and refusing to comply with a direct
26  order, possession of a weapon, manufacturing alcohol, mutual
27  combat, behavior that will lead to violence, battery on an
28  inmate, and soliciting battery on an inmate. (RT 43:15-44:2.)



4

1    The Board's reliance on Petitioner's institutional
2  behavior and lack of programming as a gauge of whether
3  Petitioner would present a threat to public safety was not
4  arbitrary or capricious and was authorized by 15 CCR 2402.  The
5  Board also based its decision on the underlying crime itself,
6  the attempted murder of George Boitano.(RT at page 67:18-23.)
7  This alone was sufficient to justify the decision to deny
8  parole. '[T]he gravity of the commitment offense or offenses
9  alone *may* be a sufficient basis for denying a parole
10  application, so long as the Board does not fail to consider
11  other relevant factors.'  (*In re Ramirez* (2001) 94 Cal.App.4th
12  549, 569 overruled on other grounds in *In re Dannenberg* (2005)
13  34 Cal.4th 1061, 1100; citing *In re Seabock* (1983) 140
14  Cal.App.3d 29, 37-38.)

15    The Board's findings regarding Petitioner's disciplinary
16  record and the nature of the commitment offense were supported
17  by the record, and there exists some evidence in support of the
18  decision to deny Petitioner parole.

19
20  **D. Petitioner has failed to establish that he was prejudiced
    by any ineffective assistance of counsel at the parole
21    hearing.**

22    Petitioner alleges that he received ineffective assistance
23  of counsel from the attorney who represented him at his parole
24  consideration hearing because the attorney did not object to
25  the admission of an improper psych report or offer evidence of
26  the conditions of confinement and alleged acts by prison guard
27  gangs that might excuse Petitioner's disciplinary record.

28





1    To prove that a defendant has received constitutionally
2 inadequate representation by counsel, he must show that (1)
3 counsel's representation was deficient, i.e., it fell below an
4 objective standard of reasonableness under prevailing
5 professional norms; and (2) counsel's deficient performance
6 subjected the defendant to prejudice, i.e., there is a
7 reasonable probability that but for counsel's failings the
8 result would have been more favorable to the defendant.  (*In re*
9 *Alvernaz* (1992) 2 Cal.4th 924, 937; *Strickland v. Washington*
10 (1984) 466 U.S. 668, 687-696.)

11    Assuming, without deciding that, Petitioner has shown that
12 he received ineffective assistance of counsel from the attorney
13 that represented him at his parole consideration hearing, he
14 has not shown that he was prejudiced thereby.  Petitioner's
15 disciplinary record, even without the violent 115s, and the
16 nature of the underlying crime were each independently
17 sufficient to justify the denial of parole.

18

19                              CONCLUSION

20

21    When a petition for writ of habeas corpus fails to reveal
22 sufficient facts which, if true, would establish a prima facie
23 case for relief, summary denial is appropriate.  (*In re Clark*
24 (1993) 5 Cal.4th 750, 769.)  For the foregoing reasons, the
25 petition for writ of habeas corpus is hereby denied.

26 DATED:  OCT 1 8 2006

27

28                              Craig L. Parsons
                              Presiding Judge, Criminal

6

IN THE

# Court of Appeal of the State of California

IN AND FOR THE

## Fifth Appellate District

COURT OF APPEAL
FIFTH APPELLATE DISTRICT
F I L E D

DEC 2 1 2006

LEISA V. BIGGERS, CLERK/ADMINISTRATOR
By_____
Deputy

In re

ARTHUR G. GARNER,

      On Habeas Corpus.

F051801

BY THE COURT*:

    The "PETITION FOR WRIT OF HABEAS CORPUS" filed on December 13, 2006,

is denied without prejudice.  Petitioner was convicted in the San Mateo County Superior

Court.  Consequently, the First District Court of Appeal is the proper court in which to

seek extraordinary relief.  (*In re Roberts* (2005) 36 Cal.4th 575.)



P.J.

*Before Ardaiz, P.J., Gomes, J. and Hill, J.



IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

**FILED**

JAN 1 1 2007

Court of Appeal - First App. Dist.
DIANA HERBERT
By_____
DEPUTY

| In re ARTHUR G. GARNER, | A116336 |
|---|---|
| on Habeas Corpus. | (San Mateo County Super. Ct. No. SC-23994; HC-1812) |

BY THE COURT:*

　　The petition for a writ of habeas corpus is denied.

B.P.T.

Dated: JAN 1 1 2007                    McGUINESS, P.J.
_____                    _____ P.J.

_____
* McGuiness, P.J., Parrilli, J., & Siggins, J.



S154564

# IN THE SUPREME COURT OF CALIFORNIA

## En Banc

---

In re ARTHUR GARNER on Habeas Corpus

---

The petition for writ of habeas corpus is denied.

SUPREME COURT
**FILED**

SEP **1 2** 2007

Frederick K. Ohlrich Clerk

_____
Deputy

B.P.T.
HC

**GEORGE**

_____
Chief Justice



**PROOF OF SERVICE BY A STATE PRISONER**

I, _Art Garner_ ,declare: **C** FI**O**E**D** **5646**

That I am over 18 years of age, and a party/~~not a party~~ to the attached herein cause
of action, that I reside at Pleasant Valley State Prison, in the county of Fresno
California. My mailing address is: _PO Box 8501 Coalinga, Californa 93210_ **CW**

On _10-28_ , 2007, I handed to prison officials for mailing, at the above **(PR)**
address, on the exact date, the attached: _____

_Petition for Writ of Habeas Corpus_

_____

_____

_____

In a sealed envelope[s] with postage paid fully paid, addressed to the locations:
(A)_ United States District Court _

_____

(B)_____

_____

(C)_____

_____

(D)_____

_____

I declare under penalty of perjury that the foregoing is true and correct. Executed
this (     ) day of (              ), 2007 at Coalinga, California.


_Art Garner_                                          _(signature)_
DECLARANT PRINTED                          DECLARANT SIGNATURE
NAME