GARBER, ART D-26064
PO Box 8501
RJ SP A1-240
Coalinga CA 93210

Court
Original FILED

E-Filing

07 NOV -7 AM 10: 36

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

United States District Court
Northern District of California

ARTHUR GARBER
   Petitioner

   vs

WARDEN J YATES
   Respondents

Case # C 07 5646 CW

Introduction to Writ of Habeas Corpus

(PR)

Comes Now Petitioner Brings Before This Honorable Court This Introduction to the Attached Writ as to Any Time Constraints of 1 yr:

On 10-19-05 Petitioner was Placed in Administrative Segregation; On Feb 27 2006 Petitioner went Before the Board of Prison Terms; (Petitioner on 10-19-05 was Separated From His Legal Work Product Till 11-15-06. See Herein Attached Documents From Director of Corrections Dated Aug 03 2007. Pg ③ ④).

On or about April-May 06 Petitioner Recieved the Transcripts of said Hearing; And Through Numours Attempts to Aquire the "Lifer Pac" From Counsel Who was Appointed to Represent Petitioner at said Hearing To no Advail; even After a Letter From the State Bar Ordering said to Be Turned Over see pg ⑤ Attached; said File was so Petitioner Could Perfect This Appeal; said Complaints Went on Deff Ears and said File was Never Turned Over;

Petitioner Remained in ASU Till 8-1-06 Where the Transfer to PVSP Took Place;

①

On Aug 30 2006 Petitioner to try & protect his legal interests such as statute of limitations was forced to file this writ to Superior Court without the file the attorney was ordered to turn over to Petitioner; which was denied on Oct 18 06.

On, Nov 15 06 Petitioner was reunited with his legal "work product" on Dec 13 06 Petitioner filed the Habeas Corpus with the Appellate Court Fifth of which was the wrong court denied on Dec 21 06; on Jan 4 2007 Petitioner refiled in the right court, said was denied on 1-11-07.

On 5-14-07 Petitioner filed with Cal Supreme Court of which was denied on 9-12-07

## Conclusion

Through due diligence any time constraints should be set aside and proceed with the merits of this case.

///

I Anthwa Garner declare under penalty of perjury that the foregoing is true & correct dated this 26 day of Oct 2007 Coalinga Cal





STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

# DIRECTOR'S LEVEL APPEAL DECISION

Date: AUG 0 3 2007

In re: Garner, D-26064
Pleasant Valley State Prison
P.O. Box 8500
Coalinga, CA 93210-8500

IAB Case No.: 0614396       Local Log No.: SATF 06-5128

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner R. Pennington, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

**I   APPELLANT'S ARGUMENT:** It is the appellant's position that on August 1, 2006, he was transferred from California Substance Abuse Treatment Facility and State Prison at Corcoran (SATF) to Pleasant Valley State Prison (PVSP). The appellant indicated that he received three boxes plus his television upon his arrival at PVSP. The appellant contends that he is missing an additional five boxes, three of which contained legal paperwork. The appellant has requested that the previous CDC Form 602, Inmate/Parolee Appeal Form dated August 3, 2006, be located and processed; that he be provided with proof that his legal work has been located and mailed to PVSP; that the three boxes of legal work be located and issued and that he be issued a check in the amount of $30,480.00. ($50,000.00/Legal paperwork & $10,000.00/photo albums & $480.00/canteen - personal property)

**II   SECOND LEVEL'S DECISION:** On January 4, 2007, the appellant was interviewed by Correctional Sergeant (Sgt.) M. Martins. The reviewer established that on August 1, 2006 the appellant was transferred to PVSP. On this date, four boxes of the appellant's property were transferred to PVSP. On November 15, 2006, an additional three boxes of property arrived at the Receiving & Release (R&R) at SATF and were sent to PVSP. After checking the appellant's receipts from his property package folder, it shows that the appellant's last quarterly package received was on September 9, 2005 and his monthly canteen printouts show that the appellant received his June and July canteen draw worth thirty-five dollars for each month. The items that the appellant has stated as missing do not match the quantity that he received from either canteen quarterly package. The appeal was partially granted in that three additional boxes of property were located and sent to PVSP so that the property maybe issued to the appellant and he was provided with his canteen receipts. All other requests were denied.

**III   DIRECTOR'S LEVEL DECISION:** Appeal is granted in part.

   **A.   FINDINGS:** R&R Sgt. Navarro was contacted at PVSP and he verified that the additional three boxes of property listed by R. Gomez, Appeals Coordinator at SATF, never arrived at PVSP. Correctional Officer Gellerson at PVSP also checked the Connex building and verified that no legal paperwork in the appellant's name was stored in that area. The appellant has established that SATF was in possession of an additional three boxes of his property. However, PVSP has no record that the additional boxes ever arrived at the institution.

   Based upon the above the Director's Level of Review (DLR) will issue and order for SATF to prepare an amended Second Level of Review (SLR) to clarify the following: 1)The institution shall locate the CDC Form 1083, Inmate Property Inventory and establish the contents of the missing three boxes that were reportedly sent from SATF on November 15, 2006. 2)The institution shall attempt to locate the missing items and reunite them with the appellant. If unsuccessful, the institution shall provide the appellant with like items or compensate the appellant with the equal monetary value of the missing items.

   **B.   BASIS FOR THE DECISION:**
   California Code of Regulation, Title 15, Section: 3001, 3006, 3084.1, 3190, 3191, 3192, 3193, 3270, 3380

GARNER, D-26064
CASE NO. 0614396
PAGE 2

**C. ORDER:** The SATF shall locate the CDC Form 1083, Inmate Property Inventory and establish the contents of the missing three boxes that were reportedly sent from SATF on November 15, 2006. The institution shall attempt to locate the missing items. If unsuccessful, this institution shall provide the appellant with like items or compensate the appellant with the equal monetary value of the missing items.

This issue was discussed with the office of Chief Deputy Warden.

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:   Warden, PVSP
      Appeals Coordinator, PVSP
      Appeals Coordinator, SATF



THE STATE BAR
OF CALIFORNIA

1149 SOUTH HILL STREET, LOS ANGELES, CALIFORNIA 90015-2299

OFFICE OF THE CHIEF TRIAL COUNSEL
INTAKE

TELEPHONE: (213) 765-1000
TDD: (213) 765-1566
FAX: (213) 765-1168
http://www.calbar.ca.gov

July 26, 2006

Arthur Garner #D-26064
CSATF
ASU F166
P.O. Box 52426
Corcoran, CA. 93212

RE:  Inquiry Number:    06-20622
     Respondent:        Leon Rosseau Harris

Dear Mr. Garner:

You have complained that Leon Rosseau Harris has been discharged and not returned your documents to you. Your complaint concerns us. However, it is hoped that bringing your complaint to the attorney's attention will resolve this matter.

We have advised the attorney to contact you within ten (10) working days from the date of this letter, regarding the availability of your client file. Under the Rules of Professional Conduct, the attorney is not required to mail or deliver the file to you. Whether you, or a designee, pick up the file from the attorney's office or the attorney mails the file to you, is a decision to be made between you and the attorney.

Should the attorney fail to contact you within the specified time, please recontact the State Bar. At that time, we will determine if further action is needed.

At this time, your complaint file is being closed, without prejudice.

Very truly yours,

NP
Paralegal